**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF FRESNO, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv01634-LJO-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    Screening Order

     A.    Screening Requirement

On November 14, 2006, plaintiff Sevan Kayaian ("plaintiff") filed what the court construes to be a civil complaint along with a motion for leave to proceed in forma pauperis. Plaintiff has made the requisite showing pursuant to 28 U.S.C. § 1915 and his motion for leave to proceed in forma pauperis shall be granted.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that

would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff's complaint consists of one brief page in which plaintiff asserts that "Fresno County Jail guards don't believe inmates have rights," that he spent six hours with no food or water, and that he was in a restraint chair without a bathroom break, causing him to urinate on himself.  Plaintiff's brief complaint falls short of satisfying Rule 8(a) notice pleading requirements.  Plaintiff fails to name any defendants, fails to link anyone to events complained of, fails to set forth the basis for the court's jurisdiction, and fails to set forth what he relief is seeking.  The court will provide plaintiff an opportunity to file an amended complaint.  If plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, filed November 14, 2006, is GRANTED;
2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;
3. The Clerk's Office shall send plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
5. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** **February 26, 2007**            /s/ Sandra M. Snyder
icido3                                                     UNITED STATES MAGISTRATE JUDGE